UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KARYN FRANKEL,

    Plaintiff,

v.                                           Case No. 2:19-cv-868-FtM-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER**

Before the Court is the Unopposed Application for Attorney's Fees (Doc. 28). The parties consented to proceed before a Magistrate Judge for the purposes of this motion. (Doc. 16). Defendant does not oppose the relief requested. (Doc. 28, p. 2). For the reasons below, the Court grants the Unopposed Application for Attorney's Fees (Doc. 28).

On October 22, 2020, the Court entered an Order reversing and remanding this action to the Commissioner to reconsider Plaintiff's impairments and her subjective complaints. (Doc. 26, pp. 1-2). Thus, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $6,855.52 in attorney's fees. (Doc. 28, p. 1).

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff meets the requirements under EAJA. (Doc. 28, p. 2). Upon consideration, the Court finds that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Court determines that after review of the services provided, 33.10 hours expended by attorney Jonas H. Kushner are reasonable here. (*See* Doc. 28, pp. 9-11).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. §

2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests the hourly rates of $205.25 for the year 2019; and $207.35 for the years 2020 and 2021. (Doc. 28, p. 11). The Court finds these hourly rater appropriate.

The Court therefore determines an award of $6,855.52 in attorney fees for 33.10 hours of work is reasonable.

Plaintiff filed an Attorneys Fees for Social Security DIB/SSI Claim(s) form. (Doc. 28, p. 12). This form provides: "If a court awards [Plaintiff] fees under the Equal Access to Justice Act, [Plaintiff] assign[s] them to [counsel], agree[s] they can be paid directly to [counsel], and authorize[s] [counsel] to endorse [Plaintiff's] name on checks paying them. If [counsel] get[s] paid EAJA fees and [Plaintiff] pay[s] fees from [her] benefits for the same work, [counsel] will refund to [Plaintiff] the lower of the two fees [she] get[s]." (*Id.*). Thus, the Court will allow the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is **ORDERED** that the Unopposed Application for Attorney's Fees (Doc. 28) is **GRANTED** and the Court awards $6,855.52 in attorney's fees. These fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Karyn Frankel. The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on January 14, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE